IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**RAYMOND KORNEGAY,**

        Plaintiff,

v.                                     **CIV. ACT. NO. 5:24-CV-137**
                                          Judge Bailey

**ASS. WARDEN LINTNER,**
**MR. H. BERRYMAN** (Unit Manager),
**MS. A. WELLS** (Unit Case Manager),

        Defendants.

## ORDER

    The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 18]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on November 20, 2024, wherein he recommends that the Complaint [Doc. 1] be dismissed with prejudice.[1] [Doc. 18 at 16]. For the reasons that follow, this Court will adopt the R&R.

---

[1] Magistrate Judge Mazzone additionally recommends plaintiff's Motion for Miscellaneous Relief [Doc. 15] be denied. [Doc. 18 at 16].

## I. <u>BACKGROUND/PROCEDURAL HISTORY[2] & STANDARD OF REVIEW</u>

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. ***Haines v. Kerner***, 404 U.S. 519, 520 (1972); ***Gordon v. Leeke***, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Plaintiff timely filed his Motion of Objection to the Magistrates [sic] Report and Recommendation [Doc. 20] on December 10, 2024. Accordingly, this Court

---

[2]This Court fully adopts and incorporates herein the sections of the R&R titled "Background" and "The Complaint." See [Doc. 18 at 1–2].

will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## II. DISCUSSION

In the R&R, Magistrate Judge Mazzone opined that plaintiff's Complaint should be dismissed with prejudice. [Doc. 18 at 16]. Specifically, Magistrate Judge Mazzone writes that plaintiff's Complaint, brought pursuant to **Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics**, 403 U.S. 388 (1971), contains claims that (1) are more suited for a petition for writ of habeas corpus and (2) are not cognizable under **Bivens**. [Id. at 4–16].

Plaintiff objects to the portion of the R&R "concerning the [p]laintiff's retaliation claim which the court states that such a claim is not cognizable under **Bivens**." [Doc. 20 at 2]. Specifically, plaintiff argues that his First Amendment retaliation claim is cognizable under **Bivens** pursuant to **Swierkiewicz v. Sorema N.A.**, 534 U.S. 506 (2002) and **Sandin v. Conner**, 515 U.S. 472 (1995), two cases which plaintiff contends Magistrate Judge Mazzone failed to consider in the R&R. [Doc. 20 at 3].

In **Swierkiewicz**, the plaintiff was a native Hungarian who was fired from his position with a reinsurance company. **Swierkiewicz**, 534 U.S. at 508. Following his termination, the plaintiff filed suit, alleging he was terminated due to (1) his national origin, in violation of Title VII of the Civil Rights Act of 1964 and (2) his age, in violation of the Age Discrimination in Employment Act. *Id.* at 509. The United States Court of Appeals for the Second Circuit affirmed the district court's dismissal of the plaintiff's complaint, stating the complaint failed to set forth a prima facie case of discrimination under the framework

3

established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Id*. The Supreme Court held that the complaint satisfied the notice pleading standard, and that an employment discrimination plaintiff did not need to plead a prime facie case of discrimination to survive a motion to dismiss. *Id*. at 515. Accordingly, the Second Circuit's decision was reversed. *Id*.

In *Sandin v. Conner*, DeMont Conner was a state inmate who was strip searched by a prison officer. *Sandin*, 515 U.S. at 475. Mr. Conner directed "angry and foul language" at the officer during the strip search. *Id*. As a result, Mr. Conner was charged with disciplinary infractions. *Id*. At an adjustment committee hearing on the infractions, Mr. Conner was denied the ability to present witnesses, and was subsequently sentenced to spend 30 days of disciplinary segregation in the Special Housing Unit. *Id*. at 475–76. Mr. Conner brought suit pursuant to 42 U.S.C. § 1983 for, *inter alia*, deprivation of due process in connection with the disciplinary hearing. *Id*. at 476.

The United States Court of Appeals for the Ninth Circuit reversed the district court's granting of summary judgment to the defendants, ruling that Mr. Conner "had a liberty interest in remaining free from disciplinary segregation" due to a prison regulation which instructed the committee that they must find guilt "when a charge of misconduct is supported by substantial evidence." *Id*. at 476–77. The Ninth Circuit ruled the regulation created a state liberty interest due to the negative inference that, if the misconduct charge was not supported by substantial evidence, then segregation could not be imposed. *Id*. at 477. Accordingly, due to the presence of a state liberty interest, Mr. Conner was entitled to call witnesses during the hearing, which of course he was denied at the time of the

hearing. *Id.* at 475, 477.

The Supreme Court reversed the Ninth Circuit's decision. *Id.* at 488. In doing so, the Supreme Court held that neither the prison regulation at issue, nor the Due Process Clause, provided Mr. Conner with a protected liberty interest which would entitle him to procedural protections pursuant to *Wolff v. McDonnell*, 418 U.S. 539 (1974).

Plaintiff's claims in this matter which relate to his Objections are based upon alleged retaliatory conduct by prison officials based upon plaintiff's filing of grievances. [Doc. 20]. As illustrated herein, *Swierkiewicz* is an employment discrimination matter which has nothing to do with retaliatory conduct on the part of prison officials. *Sandin*, while at least relating to prison issues, does not pertain to retaliatory conduct, either. As such, neither *Swierkiewicz* nor *Sandin* is germane to the instant matter.

A case which *is* germane to the instant matter is *Earle v. Shreves*, 990 F.3d 774 (4th Cir. 2021). In *Earle*, the plaintiff alleged prison guards "conspired to violate his First Amendment rights by retaliating against him for seeking resolution of his informal grievances." *Earle*, 990 F.3d at 777. The United States Court of Appeals for the Fourth Circuit refused to extend a *Bivens* remedy to the plaintiff in *Earle*, stating that "special factors . . . counsel[ed] hesitation[.]" *Id.* at 781. Specifically, the Fourth Circuit ruled that the plaintiff's access to "remedial mechanisms established by the BOP" and the risk of a "significant intrusion into an area of prison management" were special factors which precluded a *Bivens* remedy to the plaintiff. *Id.* at 780–81 (internal citation and quotation marks omitted). Accordingly, the Fourth Circuit refused to extend a *Bivens* remedy to the plaintiff's First Amendment retaliation claims.

5

Here, plaintiff seeks the same thing as the plaintiff in *Earle*: application of a **Bivens** remedy to his First Amendment retaliation claims. [Doc. 20]. As discussed in the R&R, special factors in this matter preclude application of a **Bivens** remedy. [Doc. 18 at 13–15]. Accordingly, just as the Fourth Circuit declined to extend a **Bivens** remedy to the plaintiff in *Earle*, this Court declines to extend such a remedy to the plaintiff herein.

### III. CONCLUSION

Aside from the arguments addressed herein, a *de novo* review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's report and recommendation [**Doc. 18**] is hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Plaintiff's Complaint [**Doc. 1**] is **DISMISSED WITH PREJUDICE**. Plaintiff's Motion for Miscellaneous Relief [**Doc. 15**] is **DENIED**.

This Court further **DIRECTS** the Clerk to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED**: December 16, 2024.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE